cms

# 4th Circuit Court of Appeals

In re:
John Robert Williams III

vs

United States

Case No: TDC-22-0453

Petition For Writ Of Mandamus

---

Petitioner, John Robert Williams III, asks the 4th Circuit Court of Appeals, to review the lower court's alleged finding of subject matter jurisdiction.

The Petitioner contends that the United States District Court for the District of Maryland cannot lawfully proceed with its prosecution without subject matter jurisdiction because it violates petitioners "due process" rights secured under the Fifth Amendment.

1. Petitioner is charged in a one-count Indictment with possession of firearm and one single ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 USC § 922(g)(1).

2. Petitioner is a pre-trial detainee.

3. The Petitioner's legal basis for his claim is due to a violation of his federal constitutional rights.

4. Relief sought: Petitioner requests an order declaring the United States District Court for the District of Maryland in violation of the United States Constitution and the appropriate relief thereafter.

Copies of this petition have been mailed/served to all parties to the proceeding in the trial court, also the trial court judge.

x John R. Williams III

1

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JOHN ROBERT WILLIAMS, III,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. TDC-23-3545
Crim. Action No. TDC-22-0453

## ORDER

On December 21, 2022, John Robert Williams, III was charged in a one-count Indictment with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Williams*, Crim. No. TDC-22-0453. On December 17, 2023, Williams filed in the criminal case a "Petition for Writ of Habeas Corpus" ("the Petition") pursuant to 28 U.S.C. § 2241, which the Clerk of the Court docketed as a separate civil case, No. TDC-23-3545. In the Petition, Williams asserts that the Court lacks subject matter jurisdiction over his criminal case, including because the Government has failed to provide documentation showing that it owns the property on which the alleged criminal activity took place.

Although it is unclear whether Williams intended to file the Petition as a federal habeas petition in a new civil case or as a motion within his criminal case, the Court finds that it fails either way. A district court's "discretion to entertain habeas petitions and exercise the power of the writ is not boundless." *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010). "[P]rudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren*, 553 U.S. 674, 693 (2008)

(internal citations omitted). Specifically, the United States Supreme Court has stated that a district court should withhold relief sought through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951). "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). Williams has not identified, and the Court does not find, any exceptional circumstances in this case. Therefore, to the extent that the Petition is viewed as a freestanding federal habeas petition, the Court will dismiss it without prejudice.

Alternatively, construed as a motion to dismiss the indictment filed in the criminal case, the Petition also fails. First, because Williams was represented by counsel in the criminal case at the time of the filing of the Petition, it was not properly filed in that case because under the Local Rules of this Court, "no document shall be accepted for filing by a party represented by counsel unless it is filed by counsel." D. Md. Local R. 102.6, 202.1. Although the Court would therefore ordinarily decline to docket the Petition in the criminal case and instead send it to Williams's attorney to be considered for filing, the Court finds that it is more efficient to deny the Petition, construed as a motion to dismiss the indictment, on the merits.

In the Petition, Williams asserts that the Court lacks subject matter jurisdiction over the criminal case. The Court rejects this argument. The Indictment charges Williams with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1), and the federal district courts have original and exclusive jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231 (2018). Although Williams argues that there is no subject matter jurisdiction because the Government has not provided documentation showing that it owns the

property where the alleged criminal activity took place, 18 U.S.C. § 922(g)(1), the statute under which Williams is charged, contains no such requirement. Rather, it makes it unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce," without regard to whether the possession occurs on federal property. 18 U.S.C. § 922(g)(1).

Williams appears to further argue that, in the absence of a nexus to federal land, Congress lacked authority under the United States Constitution to enact § 922(g)(1), in part based on his claim that Congress may not enact criminal statutes pursuant to its authority under the Commerce Clause, which grants Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States . . . ." U.S. Const. art. I, § 8, cl. 3. However, the United States Court of Appeals for the Fourth Circuit effectively rejected this argument when, in considering a similar challenge, it upheld the constitutionality of 18 U.S.C. § 922(g)(1) as properly enacted under the Commerce Clause because the statute's requirement of possession of a firearm or ammunition "in or affect[ing] commerce" "satisfies the minimal nexus required for the Commerce Clause." *United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996).

Because § 922(g)(1) was enacted pursuant to a valid exercise of Congress's powers under Article I of the Constitution, the Tenth Amendment and the other constitutional and statutory provisions referenced by Williams are inapplicable.

Accordingly, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus, ECF No. 1, is DISMISSED WITHOUT PREJUDICE.

2. The Petition, construed as a Motion to Dismiss the Indictment in Crim. No. TDC-22-0453, is DENIED.

3

3. The Clerk shall provide a copy of this Order to Williams and to newly-appointed defense counsel in Crim. No. TDC-22-0453.

4. The Clerk shall close Civil No. TDC-23-3545.

Date: January 10, 2024

THEODORE D. CHUANG
United States District Judge

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of March, 2024, the foregoing Petition for Writ of Mandamus was sent to the 4th Circuit Clerk of Court via USPS institutional mail located at 13400 Dille Drive, Upper Marlboro, Maryland 20772.

4th Circuit Clerk of Court
Lewis F. Powell, Jr. United States Courthouse
1000 East Main Street
Richmond, VA 23219

John R. Williams III #1310039
13400 Dille Drive
Upper Marlboro, MD 20772
x John R. Williams

RECEIVED

2024 MAR 11 P 2:39

U.S. COURT OF APPEALS
FOURTH CIRCUIT

John R. Williams III # B40039
PGCCC
3400 Dille Drive
Upper Marlboro, MD
20772

RECEIVED
U.S. MARSHALS

4th Circuit Clerk of Court
LEWIS F. Powell, Jr. United States Courthouse
1000 East Main Street.
Richmond, VA 23219

RECEIVED
U.S. MARSHALS